United States District Court
Southern District of Texas
**ENTERED**
November 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-22-3959 |
| | § | |
| Muches Global Industries, Inc., | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

This is an action by the United States to collect unpaid civil penalties. Pending before the court are Plaintiff's Motion for Summary Judgment, ECF No. 17, and Plaintiff's Opposed Motion for Final Judgment, ECF No. 18. This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 12. The court has considered the motions, to which no responses have been filed, and the applicable law. The court recommends that both motions be **GRANTED**.

### 1. *Factual Background and Procedural Posture*

The United States filed its motion for summary judgment on April 28, 2023. ECF No. 17. Muches Global Industries, Inc.'s (Muches) response was due on May 19, 2023. When Muches failed to respond to the motion for summary judgment, the United States filed its Opposed Motion for Final Judgment, ECF No. 18, to which Muches also failed to respond.

In the Southern District of Texas, a failure to timely respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. However, a "motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). Instead, the court may accept the

unopposed facts set forth in the summary judgment motion as undisputed. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming the district court's acceptance of the facts in support of the defendant's summary judgment motion as undisputed, where the plaintiff made no opposition to the motion); *Smith v. AZZ Inc.*, No. 20-cv-375-P, 2021 WL 1102095, at *1–3 (N.D. Tex. Mar. 23, 2021) (citing *Eversley*, 843 F.2d at 174) (taking as true the facts set forth in the moving party's motion for summary judgment).

The following facts are taken from the United States' Motion for Summary Judgment. ECF No. 17. The court also considered the declaration of Sharon Forrester, who works as a Customs and Border Protection (CBP) Fines, Penalties, and Forfeitures Officer. ECF No. 17-1 Forrester testified that, through her position and her review of CBP documents, she has personal knowledge of the facts in this case. The facts stated in Forrester's declaration do not differ in any substantive way from the facts set forth in the motion for summary judgment.

Muches is a freight forwarding company offering services such as international shipping and exportation of commercial goods like motorized vehicles and heavy equipment. ECF No. 17 at 2. In three separate instances, Muches submitted false and incorrect information about shipments of motor vehicles through the CBP's Automated Export System (AES). *Id.* at 1–2. Providing false and incorrect information through the AES is a violation of 13 U.S.C. §§ 301(a), 304(b), and 305(b). *Id.* at 2. CBP issued a notice of penalty to Muches after each violation, but Muches has failed to pay. *Id.* The United States now seeks to recover the following penalties on behalf of CBP:

| Penalty Number | Transaction Date | Amount |
|---|---|---|
| (1)2020-5301-300260-01 | 06/12/2020 | $10,000.00 |
| (2)2020-5301-300305-01 | 08/19/2020 | $14,194.00 |
| (3)2021-5301-300231-01 | 05/03/2021 | $14,194.00 |

**Total: $38,388.00**

With respect to the first penalty, on June 10, 2020, Muches filed a shipment submission in the AES for the export of three vehicles bound for Lagos, Nigeria. ECF No. 17 at 3. Muches identified one of the vehicles as bearing vehicle identification number (VIN) JTDBRE16007837. *Id.* On June 12, 2020, CBP officers discovered that the VIN was missing several digits. *Id.* That same day, CBP issued a notice of penalty to Muches in the amount of $10,000. *Id.* at 4. Muches received the notice and unsuccessfully petitioned for a reduction of the penalty. *Id.* CBP demanded payment on numerous occasions, but Muches has not paid the penalty. *Id.*

With respect to the second penalty, on August 9, 2020, Muches filed a shipment submission in the AES for the export of two vehicles bound for Lagos, Nigeria. ECF No. 17 at 4. Muches identified one of the vehicles as bearing VIN 5YEEPRAE1LP108198. *Id.* On August 10, 2020, CBP officers discovered that Muches' AES submission was false and incorrect because the VIN provided by Muches had the first letter "E" instead of the correct letter "F." *Id.* at 5. On August 19, 2020, CBP issued a notice of penalty in the amount of $14,194. *Id.* Muches unsuccessfully petitioned to waive the penalty. *Id.* CBP demanded payment on numerous occasions, but Muches has not paid the penalty. *Id.*

With respect to the third penalty, on March 12, 2021, Muches filed a shipment submission in AES for the export of two

3

vehicles bound for Lagos, Nigeria. ECF No. 17 at 5. On March 23, 2021, CBP officers discovered that Muches' AES submission was false and incorrect because Muches' shipping container contained a third vehicle that was not included in Muches' AES submission. *Id.* at 6. On May 3, 2021, CBP issued a notice of penalty in the amount of $14,194. *Id.* CBP demanded payment on numerous occasions, but Muches has not paid the penalty. *Id.*

### *2. Summary Judgment Standard*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite to "specific facts" showing a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (quoting Celotex Corp., 477 U.S. at 324).

The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins.*,

4

401 F.3d at 350. "[C]onclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence[]'" are not enough to defeat a properly supported motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). The nonmovant must "articulate the precise manner in which the submitted or identified evidence supports his or her claim." *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 273 (5th Cir. 2009) (quoting *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004)).

### 3. Analysis

The Secretary of Commerce is authorized to collect mandatory information or reports from persons exporting from the United States. 13 U.S.C. §§ 301(a), 304(a). The Secretary of Commerce may also impose a civil penalty not to exceed $10,000 per violation on any person violating any rule or regulation regarding export information. *Id.* § 305(b). Adjusted for inflation, civil penalties increase to a maximum of $16,438 per violation. 15 C.F.R. § 6.3(d)(2).

Federal regulations require that submissions to the AES contain mandatory data elements for each transaction as well as "conditional" data elements that "shall be reported if they are required or apply to the specific shipment." 15 C.F.R. § 30.6. One such conditional data element is the VIN found on the vehicle. *Id.* § 30.6(b)(9); *see also* 19 C.F.R. § 192.2(a) ("A person attempting to export a used self-propelled vehicle shall present to Customs . . . both the vehicle and the required documentation describing the vehicle, which includes the Vehicle Identification Number[.]").

Muches exported vehicles on three occasions, thus triggering the VIN as a data element required to be submitted to the AES. On each of those three occasions, Muches failed to provide the VIN

in its AES submission. Muches' June 10, 2020, submission to the AES omitted several characters from the VIN, resulting in a penalty of $10,000. Muches' August 9, 2020, submission to the AES included an inaccurate VIN, resulting in a penalty of $14,194. Muches' March 12, 2021, submission to the AES entirely omitted the VIN for the unreported third vehicle in Muches' shipment, resulting in another penalty of $14,194.

The United States is authorized to file suit to collect the penalties imposed on Muches. 13 U.S.C. § 305(c)(2); 15 C.F.R. § 30.72(c). "In such action, the validity, amount, and appropriateness of such penalty shall not be subject to review." 13 U.S.C. § 305(c)(2). The undisputed facts show that Muches violated the regulations and failed to pay the penalties. The court concludes that Muches is liable to the United States in the amount of $38,388.00. The United States' Motion for Summary Judgment and Motion for Entry of Final Judgment should be **GRANTED**.

### *4. Conclusion*

For the foregoing reasons, the court recommends that Plaintiff's Motion for Summary Judgment, ECF No. 17, be **GRANTED**. The court also recommends that Plaintiff's Motion for Final Judgment, ECF No. 18, be **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal

conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on November 14, 2023.

_____
Peter Bray
United States Magistrate Judge